

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NS:KCB/EJD/DEL
F. #2018R01984

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 6, 2022

<u>By ECF and Email</u>

The Honorable Raymond J. Dearie
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Herman Blanco
     <u>Criminal Docket No. 18-609 (S-3) (RJD)</u>

Dear Judge Dearie:

  The government respectfully submits this letter to notify the Court regarding a potential conflict involving James M. Branden, Esq. who represents defendant Arthur Codner in the above-captioned case. The conflict arises from Mr. Branden's prior representation of another individual, whom the government understands at least one of Codner's co-defendants may seek to argue was involved in the charged murder-for-hire. The government advises the Court of this information pursuant to its obligation under Second Circuit law so the Court may conduct the appropriate inquiry pursuant to <u>United States v. Curcio</u>, 680 F.2d 881, 888-90 (2d Cir. 1982). See, e.g., <u>United States v. Stantini</u>, 85 F.3d 9, 13 (2d Cir. 1996); <u>United States v. Malpiedi</u>, 62 F.3d 465, 467 (2d Cir. 1995). The government requests that the Court schedule a Curcio hearing within the next two weeks so that the Court may conduct the necessary inquiry of Codner, as set forth below.

I.  <u>Applicable Law</u>

  The Sixth Amendment affords a criminal defendant the right to effective assistance of counsel. See <u>Wood v. Georgia</u>, 450 U.S. 261, 271 (1981); <u>United States v. Perez</u>, 325 F.3d 115, 124 (2d Cir. 2003). That right, however, is not absolute and does not guarantee the defendant counsel of his own choosing. See <u>United States v. Jones</u>, 381 F.3d 114, 119 (2d Cir. 2004); <u>United States v. Locascio</u>, 6 F.3d 924, 931 (2d Cir. 1993). While there is a "presumption in favor of the [defendant's] chosen counsel, such presumption will be overcome by a showing of an actual conflict or a potentially serious conflict." <u>Jones</u>, 381 F.3d at 119 (citing <u>Locascio</u>, 6 F.3d at 931); see also <u>Wheat v. United States</u>, 486 U.S. 153, 164 (1988).

To determine if the defendant's counsel is burdened by a conflict of interest, a district court "must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994). An actual conflict exists "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client." Jones, 381 F.3d at 119 (internal quotation marks and citations omitted). A potential conflict arises if "the interests of the defendant could place the attorney under inconsistent duties in the future." Id. (emphasis and citations omitted).

A. Mandatory Disqualification

If an attorney suffers from an actual or potential conflict of such a serious nature that no rational defendant would knowingly and intelligently desire that attorney's representation, the court must disqualify that attorney. See United States v. Lussier, 71 F.3d 456, 461-62 (2d Cir. 1995). Such per se conflicts of interest are not only unwaivable, but are of such a serious nature that if allowed to persist through trial and conviction, on appeal they result in automatic reversal without requiring a showing of prejudice. United States v. Williams, 372 F.3d 96, 103 (2d Cir. 2004).

B. Discretionary Disqualification

Regardless of the severity of the conflict or the defendant's willingness to waive the conflict, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160. "The question of [attorney] disqualification therefore implicates not only the Sixth Amendment right of the accused, but also the interests of the courts in preserving the integrity of the process and the government's interests in ensuring a just verdict and a fair trial." Locascio, 6 F.3d at 931. Accordingly, "a district court should decline to permit a defendant to be represented by the counsel of his choice if that representation would undermine the integrity of the judicial process." United States v. DiPietro, No. 02 CR 1237 (SWK), 2004 WL 613073, at *4 (S.D.N.Y. Mar. 29, 2004) (citing Wheat, 486 U.S. at 163).

C. Conflicts That May Be Waived

If a conflict is such that a rational defendant could knowingly and intelligently choose to continue to be represented by the conflicted attorney, the Court must obtain directly from the defendant a valid waiver in accordance with the procedures set forth in United States v. Curcio, 680 F.2d 881 (2d Cir. 1982). See, e.g., Malpiedi, 62 F.3d at 470; Levy, 25 F.3d at 153; United States v. Iorizzo, 786 F.2d 52, 58-59 (2d Cir. 1986). In summarizing Curcio procedures, the Second Circuit has instructed the trial court to:

> (i) advise the defendant of the dangers arising from the particular conflict; (ii) determine through questions that are likely to be answered in narrative form whether the defendant understands those risks and freely chooses to run them; and (iii) give the

2

> defendant time to digest and contemplate the risks after
> encouraging him or her to seek advice from independent counsel.

Iorizzo, 786 F.2d at 59; see also Curcio, 680 F.2d at 888-90.  By relying on waivers of potential conflict claims, courts are spared from having to wade into the intricacies of those claims. United States v. Jiang, 140 F.3d 124, 128 (2d Cir. 1998).

Finally, the need for a Curcio hearing exists regardless of whether a case is disposed of by way of guilty plea or trial.  "A claim that counsel is conflicted is in essence a claim of ineffective assistance of counsel." Stantini, 85 F.3d at 15.  Likewise, "[e]ffective assistance of counsel includes counsel's informed opinion as to what pleas should be entered." Boria v. Keane, 99 F.3d 492, 497 (2d Cir. 1996).  Therefore, it necessarily follows that a defendant has a right to conflict-free representation during the plea negotiation stage.  See id. ("[P]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.") (quoting Von Moltke v. Gillies, 332 U.S. 708, 721 (1948) (emphasis added)); see also Stantini, 85 F.3d at 16-17 (suggesting that ineffective assistance of counsel may be shown if attorney's dual representation led to inadequate advice "with respect to the advantages or disadvantages of a plea").

II.     Analysis

In a letter dated January 14, 2022, counsel for Codner's co-defendant Anthony Zottola sought, inter alia, material in the government's possession "pursuant to Brady, Giglio, and their progeny," specifically, as relevant here, Zottola's counsel sought "[a]ll material or information in the government's possession or constructive possession regarding Sylvester and Salvatore Zottola's connections, associations or involvement with organized crime," including "all material and information in the government's possession or constructive possession regarding investigative files into," among others, "Martin Cekaj."  In the letter, Zottola's counsel further alleges their "good faith belief that this information may contain exculpatory material as to our client, Anthony Zottola, Sr., regarding the alleged murder-for-hire conspiracy." Although the government does not believe these additional materials are relevant to the charged conduct, on April 18 and 20, 2022, in response to the defendant Zottola's request, the government produced additional materials to all defendants in an abundance of caution. The government reserves its right to dispute the relevance of any such information to the current charges and the admissibility of any such items at trial.

Following his review of discovery in this matter, Mr. Branden informed the government of his prior representation of Martino Cekaj (the same person referenced in Zottola's January 14, 2022 letter as "Martin Cekaj") and the potential need for a Curcio hearing.  Mr. Branden previously represented Mr. Cekaj from 2018 until 2019 on a violation of supervised release.  In 2012, Cekaj pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(B), and, in 2013, Cekaj pleaded guilty to a misdemeanor assault, in violation of 18 U.S.C. § 113(a)(4).  For these crimes, Cekaj was sentenced to 87 months' imprisonment and five years of supervised release. While on supervised release, Cekaj tested positive for amphetamines and committed various acts of domestic violence against his wife.  In July of 2019, Cekaj pleaded guilty to several violations

of supervised release, including testing positive for amphetamines as well as acts of domestic violence, and was sentenced to twelve months and one day of imprisonment. Given Mr. Branden's prior representation of Mr. Cekaj with respect to his VOSR proceedings and the possibility that a co-defendant may seek to argue that Mr. Cekaj was involved in the charged murder, a Curcio inquiry is necessary.

As the Second Circuit has observed, there are many situations in which a court may conclude that disqualification is required; among the most typical is in the context of multiple representation. See United States v. Zichettello, 208 F.3d 72, 104 (2d Cir. 2000); Locascio, 6 F.3d at 931. Indeed, there is a presumption of prejudice where an attorney's past or present representation of another client "'[is] inherently in conflict with' a plausible line of defense or attack on the prosecution's case." Malpiedi, 62 F.3d at 469 (quoting Levy, 25 F.3d at 157); see also Restatement (Third) of the Law Governing Lawyers § 121 (2000) (recognizing that a serious problem arises when "there is a substantial risk that the lawyer's representation of the client would be materially and adversely affected by . . . the lawyer's duties to . . . a former client").

This is because a lawyer owes an absolute duty of loyalty and confidentiality to his former client. See United States v. Yannotti, 358 F. Supp. 2d 289, 295 (S.D.N.Y. 2004); United States v. Rahman, 861 F. Supp. 266, 274 (S.D.N.Y. 1994); ABA Model Code of Professional Responsibility, Ethical Consideration 4-6. That duty, which remains in force even after representation ends, precludes the lawyer from disclosing matters revealed to him by reason of the confidential relationship, absent release from that duty under the law. Rahman, 861 F. Supp. at 274; EC 4-6 ("The obligation to protect confidences and secrets of a client continues after the termination of employment.").

Based on his prior representation of Mr. Cekaj, Mr. Branden might possess privileged information that could be helpful in defending Codner, his client in the instant matter. Mr. Branden, however, would be ethically precluded from disclosing or using that information. In addition, because of his prior representation, it might be a conflict of interest for Mr. Branden to investigate leads, introduce evidence, or make arguments on Codner's behalf that might tend to incriminate or cast suspicion on his former client, Mr. Cekaj.

III.     Proposed Questions

In the event the Court determines that the defendant can waive the potential conflict of interest, the government proposes that the Court advise the defendant as follows:

> I am advised that your attorney, Mr. Branden, has previously represented an individual that at least one co-defendant may seek to implicate in the charged crimes. Mr. Branden has certain ethical obligations to his former client. For example, it might be a conflict of interest for Mr. Branden to investigate leads, introduce evidence or make arguments on your behalf that might tend to incriminate or cast suspicion on his former client.

4

While another attorney may seek to implicate a prior client of Mr. Branden in the charged crimes, Mr. Branden may be ethically barred from pursuing such a defense strategy on your behalf due to his duty of loyalty to his former client or contrary information he may have obtained from his former client.

Mr. Branden also may have privileged information from his former client that could assist in your defense but that he could not disclose because of his ethical duties.

It is also possible that any advice that Mr. Branden gives you with respect to how to proceed in this case may be influenced by his continuing duty of loyalty to his former client.

There may be other issues, in addition to the ones that I've just described, that can arise in which Mr. Branden's ability to do certain things might be affected by the fact he also represented his former client.  No one can foresee every possible conflict of interest.

Do you have any questions about what I have just explained to you?  Can you tell me in your own words what you understand the potential conflicts of interest to be?

You have the right to be represented by an attorney who does not have any possible conflicts of interest in representing you at all stages of this case, including any plea negotiations.  If you proceed with Mr. Branden as one of your attorneys, you will be giving up that right with respect to his representation. Do you understand that?

Have you discussed these issues with Mr. Branden?

You also have the right to consult with an independent attorney who can advise you about the possible conflicts of interest that might arise if you proceed with Mr. Branden.  Do you understand that?

You are not under any pressure to make a decision about this right now.  You are entitled, if you wish, to a reasonable period of time to think about these matters, or to consult further with Mr. Branden or with another attorney before you advise the Court what you wish to do.

## CONCLUSION

       For the foregoing reasons, the Court should notify the defendant of the potential conflict raised above and conduct an appropriate inquiry pursuant to Curcio. The Court should further advise the defendant regarding his right to conflict-free representation and determine if he can waive those rights.

Respectfully submitted,

BREON PEACE
United States Attorney

By:         /s/
Kayla C. Bensing
Emily J. Dean
Devon Lash
Assistant U.S. Attorneys
(718) 254-7000

cc:     James M. Branden, Esq.