UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **MEMORANDUM & ORDER** |
| ARTHUR CODNER, | 24-CV-02079 (HG) |
| Defendant. | 18-CR-609-HG-3 |

**HECTOR GONZALEZ**, United States District Judge:

Petitioner Arthur Codner pled guilty to one count of murder-for-hire conspiracy and one count of murder-for-hire, each in violation of 18 U.S.C. § 1958(a), and on April 12, 2023, was sentenced to 228 months' imprisonment followed by three years of supervised release. ECF No. 735 ("Sent'g Tr.") at 43:3–12.[1] Petitioner, proceeding *pro se*, now moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") on multiple grounds. *See* ECF No. 718 ("Pet."). Petitioner also requests the appointment of counsel. *Id.* at 44. The Government opposes the Petition. *See* ECF No. 721 (Gov't's Opp'n). For the reasons discussed below, Petitioner's Section 2255 petition and request for the appointment of counsel are DENIED.

## BACKGROUND

The Court assumes familiarity with the facts underlying Petitioner's conviction but provides the following brief summary for context. On July 11, 2018, Petitioner arranged for and obtained a vehicle in New Jersey, drove his two co-conspirators to the Bronx, and pulled alongside the victim's car, where one co-conspirator shot the victim multiple times. Sent'g Tr. at

---

[1] The Court refers to the pages assigned by the Electronic Case Files system ("ECF"), except when quoting transcripts, where the Court refers to the page number on the native document. Unless otherwise indicated, when quoting cases, the parties' papers, and transcripts, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.

24:8–23.  Petitioner then fled with his co-conspirators in the same vehicle, which he later returned to New Jersey.  *Id.*  The near-fatal attack was carried out as part of a murder-for-hire scheme in exchange for cash payment.  *See* ECF No. 721-1 ("Plea Tr.") at 21:9–22.

Petitioner was charged with conspiracy to commit murder-for-hire, murder-for-hire, and related firearms crimes.  *See* ECF No. 229 (Superseding Indictment).  On August 5, 2022, Petitioner pled guilty to Count One (the murder-for-hire conspiracy) and Count Two (the murder-for-hire) pursuant to a plea agreement with the Government.  *See* Plea Tr.  When he signed the plea agreement, Petitioner stipulated to a Sentencing Guidelines range of 292 to 365 months' imprisonment.  ECF No. 721-2 ¶ 2 ("Plea Agreement").  At the plea hearing, Petitioner confirmed that he had discussed the case and the consequences of pleading guilty with counsel.  Plea Tr. at 9:5–13:14.  Petitioner affirmed that he was pleading guilty of his own free will, *id.* at 20:6–7, and that he understood that his guilty plea exposed him to a maximum 40-year sentence, *id.* at 17:4–19:14.  In his allocution, Petitioner admitted that he had "agreed with others to commit the murder" of the victim and that he did so "kn[owing] this agreement was illegal."  *Id.* at 21:9–13.  Judge Dearie asked Petitioner if he understood that, through his plea agreement, he "agreed not to appeal or otherwise challenge [his] sentence," and Petitioner answered in the affirmative.  *Id.* at 19:1–14.

At his April 12, 2023, sentencing, Petitioner confirmed that he had read the presentence report, discussed it with his lawyer, and had no objections to its contents.  *See* Sent'g Tr. at 5:19–6:2.  After considering the parties' sentencing submissions, the Court sentenced Petitioner to 228 months' imprisonment followed by three years of supervised release, a sentence that was well below the stipulated Guidelines range.  *Id.* at 42:12–43:13.  On March 21, 2024, Petitioner filed this Section 2255 petition.  On May 1, 2024, the Government filed its opposition.  On May 24,

2

2024, Petitioner filed a reply to the Government's opposition.  *See* ECF No. 727.  On July 8, 2025, Petitioner filed a supplement to his Petition.  *See* ECF No. 756.

## LEGAL STANDARD

    A.  Section 2255

A prisoner in federal custody may move to vacate, set aside, or correct his sentence only "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010).  To prevail on a collateral attack of a final judgment under Section 2255, a petitioner must demonstrate either the existence of a "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995); *accord Rodriguez v. United States*, No. 11-cv-2957, 2013 WL 6171618, at *3 (S.D.N.Y. Nov. 25, 2013), *aff'd*, 679 F. App'x 41 (2d Cir. 2017).  When a petitioner brings a Section 2255 petition *pro se*, the Court must construe the submission liberally and interpret it to "raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

    B.  *Ineffective Assistance of Counsel*

The Sixth Amendment of the United States Constitution provides that a criminal defendant has the right to effective assistance of counsel.  *See Bobby v. Van Hook*, 558 U.S. 4, 7

3

(2009). Claims of ineffective assistance of counsel are analyzed under the two-part test set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To be entitled to relief, a petitioner must show that: (1) his attorneys' conduct was constitutionally deficient because it fell below an "objective standard of reasonableness," *id.* at 687–88, and (2) the petitioner was prejudiced by the ineffective representation—that is, but for the deficiency, there is a reasonable probability that "the result of the proceeding would have been different," *id.* at 694.

To determine whether counsel's conduct is deficient, "the court must determine whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Lindstadt v. Keane*, 239 F.3d 191, 198–99 (2d Cir. 2001). A petitioner cannot meet this prong based solely on disagreements with counsel's strategy or advice. Indeed, there is a "strong presumption" that counsel's conduct fell within the vast spectrum of reasonable assistance, and it is the petitioner's burden to demonstrate "that counsel's representation was unreasonable under prevailing norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *see also Dunn v. Reeves*, 594 U.S. 731, 739 (2021) ("[W]e have often explained that strategic decisions . . . are entitled to a strong presumption of reasonableness [since] [d]efense lawyers have limited time and resources, and so must choose from among countless strategic options."); *Henderson v. Martuscello*, No. 10-cv-5135, 2013 WL 6463348, at *15 (S.D.N.Y. Dec. 10, 2013) ("Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable, even where counsel adopts a course of action (or inaction) that seems risky, unorthodox or downright ill-advised."). Thus, to satisfy this prong, a petitioner must demonstrate that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "[A]

4

reviewing court must judge [counsel's] conduct on the basis of the facts of the particular case, viewed as of the time of counsel's conduct, and may not use hindsight to second-guess his strategy choices." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

To satisfy the second *Strickland* prong, "[the petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding below would have been different." *United States v. Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding," as "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693. Moreover, "[p]urely speculative arguments about the impact of an error do not establish prejudice." *DeCarlo v. United States*, No. 11-cv-2175, 2013 WL 1700921, at *4 (S.D.N.Y. Apr. 17, 2013). Finally, the Supreme Court has instructed that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

## DISCUSSION

Petitioner challenges his conviction and sentence on four grounds. *See generally* Pet. First, Petitioner claims that his counsel was ineffective in violation of the Sixth Amendment. *Id.* at 14–23. Second, Petitioner claims that the Court abused its discretion by sentencing him to 19 years' imprisonment. *Id.* at 24–31. Third, Petitioner claims that his sentence was unreasonable

when weighed against similarly situated defendants. *Id.* at 32–36. Finally, Petitioner claims that his Sixth Amendment right to a speedy trial was violated. *Id.* at 37–44.

## I. Petitioner Waived His Right to Challenge His Conviction and Sentence

"Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011). The Second Circuit has "repeatedly upheld the validity of appeal waivers if they are knowingly, voluntarily, and competently provided by the defendant." *Id.* "The exceptions to the presumption of the enforceability of a waiver occupy a very circumscribed area of [the Second Circuit's] jurisprudence." *Id.* However, violations of fundamental rights may warrant voiding an appeal waiver. *Id.* For example, the Second Circuit has voided appeal waivers where the sentence imposed was based on unconstitutional factors "such as race, naturalized status, or the ability to pay restitution." *Id.* Yet, "other meaningful errors," such as imposing a sentence that is arguably "contrary to a statutory requirement" or when "the sentencing court failed to make certain downward departures prior to sentencing," are insufficient to void such waivers. *Id.* at 147–48.

When determining whether an appeal waiver is enforceable, the "decisive considerations" are the "nature of the right at issue and whether the sentence was reached in a manner that the plea agreement did not anticipate." *Id.* at 148. Here, neither consideration warrants voiding Petitioner's appeal waiver. In Petitioner's plea agreement, he agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 405 months or below." Plea Agreement ¶ 4. The record reflects that Petitioner knowingly and voluntarily entered into the plea agreement and, as a result, knowingly and voluntarily waived his right to appeal any sentence less than or equal to 405 months. *See* Plea Tr. at 18:25–19:12. Before

6

entering his plea, Petitioner confirmed to the Court that he understood he was waiving his right to appeal. *Id.* at 18:25–20:18.[2] This Court then sentenced Petitioner to 228 months' imprisonment. Sent'g Tr. at 43:3–6. "In no circumstance . . . , may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). However, the waiver in Petitioner's plea agreement contained an exception: "Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel . . . ." Plea Agreement ¶ 4. Therefore, Petitioner's Section 2255 motion is barred by his valid waiver, except for his ineffective assistance of counsel claim, which the Court will address on the merits. *See Folkes v. United States*, No. 18-cr-257, 2021 WL 810337, at *5, *8 (E.D.N.Y. Mar. 3, 2021) (finding that based on a plea agreement with the same language concerning the waiver exception, "all of the claims raised in the instant petition are barred by the waiver, except for his claims of ineffective assistance of counsel" and

---

[2] Although it is not entirely clear, Petitioner, in his supplemental briefing, appears to contend that his guilty plea was not "knowing and intelligent" because it was "based on the serious injury, rather than death," yet the Court, in sentencing, considered both the murder of one victim and the attempted murder of another. *See* ECF No. 756 at 3–7; *see also* Sent'g Tr. at 40:19–25 (The Court: "I know that you did plead guilty to the lesser included offenses of conspiring to commit murder for hire. I can't turn a blind eye to the fact that the overall conspiracy which you were aware of, not only involved . . . the attempt to kill [Victim 1], but also . . . the conspiracy to kill [Victim 2]."). This argument is meritless. The Second Circuit has "been more than clear that a sentencing court may take into account any information known to it." *United States v. Lindsay*, No. 22-2225, 2024 WL 3407611, at *2 (2d Cir. July 15, 2024). Likewise, Petitioner's claim that the Court imposed a "higher sentence than that provided for in the plea agreement, without allowing him to withdraw his guilty plea," ECF No. 756 at 7, fails: the stipulated Guidelines range in the plea agreement was 292 to 365 months' imprisonment, Plea Agreement ¶ 2, and Petitioner in fact received a below-Guidelines sentence of 228 months, Sent'g Tr. at 43:4–6.

7

considering the merits of the ineffective assistance claims); *see also United States v. Lombardo*, No. 17-cr-318, 2021 WL 6136177, at *2 (E.D.N.Y. Dec. 29, 2021) (same).[3]

## II.   Petitioner's Ineffective Assistance Claim Fails on The Merits

Petitioner argues that his attorney provided ineffective assistance by: (1) declining to challenge the Court's sentencing analysis and (2) failing to move for dismissal of the indictment on constitutional speedy trial grounds. Pet. at 14–23, 37–44. The Court addresses each alleged deficiency in turn.

### A.   Sentencing

Although Petitioner frames his arguments as claims of ineffective assistance of counsel, they are in substance an attempt to circumvent his waiver of the right to challenge his sentence. *See* Pet. at 14 ("[C]ounsel's lack of preparation, [sic] resulted in several abuse-of-discretion issues committed by the District Court."). Beyond alleging that his "counsel refused to challenge the District Court's analysis," Petitioner does not identify any deficiency in counsel's performance. Instead, he devotes the first twenty-two pages of his petition to attacking the length of his sentence. *See id.* at 14–36. But "[a] claim of ineffective assistance of counsel is not a vehicle for a criminal defendant to attempt an end-run around a knowing and voluntary waiver of his right to appeal his sentence." *Nicholson v. United States,* 566 F. Supp. 2d 300, 303 (S.D.N.Y. 2008). Moreover, "the failure to raise at sentencing whatever dispute could arguably

---

[3]   Petitioner's claims, other than of ineffective assistance of counsel, are also procedurally barred because he did not file a direct appeal and offers no cause for his failure to do so. *See Reynolds v. United States*, No. 99-cr-520, 2022 WL 1444167, at *3 (E.D.N.Y. May 6, 2022) ("Because [the petitioner] has not established cause for failing to take a direct appeal, his [Section] 2255 petition is procedurally barred."); *see also Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) ("[A] waiver of appeal provision in a plea agreement d[oes] not constitute cause for failing to take a direct appeal.").

8

have been made does not render trial counsel ineffective within the meaning of *Strickland*." *Lejarde v. United States*, 101 F.3d 683 (2d Cir. 1996).

In any case, counsel vigorously advocated for Petitioner at sentencing, both in his written submissions and oral presentation. Counsel emphasized Petitioner's personal history, strong family support, harsh conditions of confinement, lack of disciplinary infractions, and lesser culpability compared to his more deeply involved co-defendants. *See* ECF No. 621 (Def.'s Sent'g Mem.); *see also* Sent'g Tr. at 11:3–20:9. He urged the Court to avoid unwarranted disparities and to recognize mitigating factors that distinguished Petitioner from others in the conspiracy. *See id.* These arguments contributed to the Court's decision to impose a sentence of 228 months—64 months below the stipulated Guidelines range. Sent'g Tr. at 43:3–6.

      B.      *Speedy Trial*

Petitioner also argues that his counsel was ineffective for failing to insist on a speedy trial, which he claims violated his Sixth Amendment rights. Pet. at 37–44. Specifically, Petitioner asserts that "the fact that counsel (over multiple objections by [Petitioner]), requested continuances because he 'wanted to see what the government had,' must be viewed as the ineffective assistance of counsel." *Id*. at 42. The Court disagrees. Counsel's decision not to demand a speedy trial or seek dismissal on that basis was a straightforward exercise of reasonable professional judgment.

The record confirms that the continuances here were justified. At a May 3, 2021, status conference, Petitioner expressed disagreement with Judge Dearie's exclusion of time until August 11, 2021, but none of the defense attorneys objected. Time was excluded for a variety of reasons, including the COVID-19 pandemic, the complex nature of the case, extensive pretrial motion practice, the capital case process, and preparation of mitigation submissions. *See* ECF

9

No. 721-4 at 6:6–13:23.  Although Petitioner also filed *pro se* letters referencing "speedy trial violations" and objecting to "extensions upon extensions for court dates," he never requested a trial date.  *See* ECF Nos. 241 & 271.  Nor was that practical under the circumstances.  At a September 13, 2021, status conference, Judge Dearie specifically addressed Petitioner's concerns, asking Petitioner's counsel whether he had spoken with Petitioner about "his unwillingness to consent to the exclusion of time."  ECF No. 721-5 at 13:20–23.  When counsel indicated that he had not, Judge Dearie encouraged further consultation but emphasized that, given the circumstances, his "findings would not change."  *Id.* at 13:24–14:3.  This exchange demonstrates that even had Petitioner's counsel made a motion for an immediate trial, that motion would have been denied.  *See United States v. Gomez*, 644 F. Supp. 2d 362, 369 (S.D.N.Y. 2009) ("If a speedy trial motion likely would have been unsuccessful, trial counsel's failure to make the motion does not constitute ineffective assistance.").  Therefore, the Court finds that counsel's approach falls well within the "wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.

Furthermore, even if the Court found that counsel's conduct was "outside the wide range of professionally competent assistance," *Lindstadt*, 239 F.3d at 198–99, Petitioner's ineffective assistance claim would still fail under *Strickland*'s prejudice prong.  To establish prejudice in the context of a conviction based on a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Chhabra v. United States*, 720 F.3d 395, 408 (2d Cir. 2013).  Petitioner makes no such claim.  Instead, he speculates that, had his case moved more quickly, he might have been sentenced by Judge Dearie, rather than this Court, and received a lighter

10

sentence. Pet. at 40. This conjecture falls well short of the showing *Strickland* requires and is not a cognizable theory of prejudice.

* * *

Because Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence in his plea agreement, and because his remaining ineffective assistance of counsel claim fails on the merits, the motion is denied in its entirety, as is Petitioner's request for counsel. *See United States v. Haouari*, No. 00-cr-15, 2013 WL 4565298, at *2 (S.D.N.Y. Aug. 28, 2013) (denying petitioner's request for counsel after finding that his Section 2255 claims were "without merit").

## CONCLUSION

For the foregoing reasons, the petition and request for the appointment of counsel are DENIED. *See* ECF No. 718. The Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. *See Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to close the parallel civil case, No. 24-cv-02079, and to mail a copy of this order to *pro se* Petitioner.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
August 27, 2025