UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ARTHUR CODNER,

Defendant.

**MEMORANDUM & ORDER**
18-CR-609-HG-3

**HECTOR GONZALEZ**, United States District Judge:

Defendant Arthur Codner pled guilty to one count of murder-for-hire conspiracy and one count of murder-for-hire, each in violation of 18 U.S.C. § 1958(a), and on April 12, 2023, was sentenced to 228 months' imprisonment followed by three years of supervised release.  ECF No. 735 at 43:3–12 ("Sent'g Tr.").[1]  Defendant, proceeding *pro se*, now moves to correct his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the grounds that the Court erred in calculating his sentence.  *See* ECF No. 785 ("Mot.").  The government opposes the Motion.  *See* ECF No. 786 (Gov't's Opp.).  For the reasons discussed below, Defendant's motion is DENIED.

## BACKGROUND

The Court assumes the parties' familiarity with the facts underlying Defendant's conviction but provides the following brief summary for context.  On July 11, 2018, Defendant arranged for and obtained a vehicle in New Jersey, drove two of his co-conspirators to the Bronx, and pulled alongside the victim's car, where one co-conspirator shot the victim multiple times.

---

[1]  Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF"), except when quoting to transcripts, where the Court cites to the original page number on the native document.

Sent'g Tr. at 24:8–23.  Defendant then fled with his co-conspirators in the same vehicle and later returned it to New Jersey.  *Id.*  The near-fatal attack was carried out as part of a murder-for-hire plot in exchange for cash payment.  *See* ECF No. 721-1 at 21:9–22 ("Plea Tr.").

Defendant was charged with conspiracy to commit murder-for-hire, murder-for-hire, and related firearms violations.  *See* ECF No. 229 (Superseding Indictment).  On August 5, 2022, Defendant pled guilty to Count One (the murder-for-hire conspiracy) and Count Two (the murder-for-hire) pursuant to a plea agreement with the government.  *See* Plea Tr.  When he signed the plea agreement, Defendant stipulated to a Guidelines range of 292 to 365 months' imprisonment.  *See* ECF No. 721-2 ¶ 2 (Plea Agreement).  At the plea hearing, Defendant confirmed that he had discussed the case and the consequences of pleading guilty with counsel. Plea Tr. at 9:5–13:14.  Defendant affirmed that he was pleading guilty of his own free will, *id.* at 20:6–7, and that he understood that his guilty plea exposed him to a maximum 40-year sentence, *id.* at 17:4–19:14.  In his allocution, Defendant admitted that he had "agreed with others to commit the murder" of the victim and that he did so "kn[owing] this agreement was illegal." *Id.* at 21:9–13.  Judge Dearie asked Defendant if he understood that, through his plea agreement, he "agreed not to appeal or otherwise challenge [his] sentence," and Defendant answered in the affirmative.  *Id.* at 19:1–14.

At his April 12, 2023, sentencing, Defendant confirmed that he had read the presentence report, discussed it with his lawyer, and had no objections to its contents.  *See* Sent'g Tr. at 5:19– 6:2.  After considering the parties' sentencing submissions, the Court sentenced Defendant to 228 months' imprisonment followed by three years of supervised release, a sentence that was well below the stipulated Guidelines range.  *Id.* at 42:12–43:13; *see also* Apr. 13, 2023, Judgment ("Judgment").  On March 21, 2024, Defendant filed a petition to vacate his sentence

and conviction pursuant to 28 U.S.C. § 2255, *see* ECF No. 718, which the Court denied on

August 27, 2025, *see* ECF No. 757.  On April 13, 2026, Defendant filed this Section 3582(c)(2)

motion.  *See* Mot.  On May 15, 2026, the government filed its opposition.  *See* ECF No. 786

("Opp.").  On June 10, 2026, Defendant filed a reply.  *See* ECF No. 789 ("Reply").

## LEGAL STANDARD

"A district court may not generally modify a term of imprisonment once it has been

imposed."  *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007).  Under

Section 3582(c)(2), however, a district court may modify the sentence of "a defendant who has

been sentenced to a term of imprisonment based on a sentencing range that has subsequently

been lowered by the Sentencing Commission."  *United States v. Green*, 595 F.3d 432, 436–37

(2d Cir. 2010) (quoting 18 U.S.C. § 3582(c)(2)).  But Section 3582(c)(2) "does not authorize a

sentencing or resentencing proceeding."  *Dillon v. United States*, 560 U.S. 817, 825 (2010).  A

district court therefore may not address a defendant's "arguments regarding procedural error at

his original sentencing."  *United States v. Mock*, 612 F.3d 133, 136 (2d Cir. 2010).

## DISCUSSION

Defendant challenges his sentence on the grounds that the Court erred in calculating his

sentence pursuant to the Guidelines.  *See generally* Mot.[2]  Because he brings his motion under

---

[2]     Defendant argues that "the Government altered the essential element of the [conspiracy] charge . . . creating a new charge."  Mot. at 6.  Consequently, in Defendant's view, the Court should have applied the base offense level for attempted murder rather than that of first degree murder, *see id.* at 10, and as a result, "[Defendant's] correctly calculated sentence [s]hould have been a cross reference to both convictions of a lesser offense," *see id.* at 11, for a Guidelines range of 121 months to 151 months, *see id.* at 13.  Defendant, however, ignores the fact that while he pled guilty to the lesser included offense within Counts One and Two, the Court may, and did, consider his actual conduct and involvement in the murder-for-hire plot in determining his Guidelines range.  *See* Sent'g Tr. at 6:23–7:13, 40:19–25.  In any event, as the government notes, *see* ECF No. 786 at 5 n. 1, the Court has already considered and rejected a similar

3

Section 3582(c)(2), Defendant may only seek reduction of his sentence if the sentencing range that formed the basis of his sentence has been lowered by the Sentencing Commission.  *See Dillon*, 560 U.S. at 825–26; *Green*, 595 F.3d at 436–37.  Defendant makes no such argument; instead, he contends that the Court erred in calculating his sentence, effectively seeking a resentencing proceeding to which he is not entitled.  *See Dillon*, 560 U.S. at 825–26; *Green*, 595 F.3d at 436–37; *Mock*, 612 F.3d at 136; *see also United States v. Bell*, No. 19-cr-550-1, 2026 WL 1143340, at *2 (S.D.N.Y. Apr. 27, 2026) (denying motion for correction of sentence and finding defendant was ineligible for relief because Section 3582(c) "cannot be used to relitigate prior Guidelines determinations").

In any event, neither Defendant nor the government has identified—and the Court is not aware of—any retroactive amendment that lowers the applicable Guidelines range.  *See United States v. Salim*, No. 01-cr-00002, 2021 WL 5761648, at *3 (S.D.N.Y. Dec. 3, 2021) (denying Section 3582(c)(2) motion where defendant did not raise any amendment to the Guidelines impacting his sentence).  Defendant's motion is therefore denied.

## CONCLUSION

For the reasons set forth above, the Motion, ECF No. 785, is DENIED.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied.  *See Coppedge v.*

---

argument in Defendant's Section 2255 petition that he should have been sentenced "based on the serious injury, rather than death," s*ee* ECF No. 757 at 7 n. 2.

4

*United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail

a copy of this order to *pro se* Defendant and note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
July 13, 2026